FILED
APR 30 2004
[signature]
CLERK

UNITED STATES DISTICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Caren MacArthur, | ) |
|  | ) CIV. 04-4058 |
| Plaintiff, | ) |
|  | ) |
| vs. | ) COMPLAINT |
|  | ) |
| American Family Mutual Insurance Company, a Wisconsin Corporation, | ) |
|  | ) |
| Defendant. | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The above-named Plaintiff, by and through her attorney of record, states and alleges the following for her Complaint against Defendant American Family Mutual Insurance Company ("American Family"):

1. Plaintiff Caren MacArthur is an individual and is and at all times relevant hereto has been a resident of Sioux Falls, Minnehaha County, South Dakota.

2. Defendant is a Wisconsin corporation that is qualified to do business in South Dakota and that currently does and at all times material hereto has transacted business in South Dakota.

3. Jurisdiction is proper in this court pursuant to 28 U.S.C. section 1332 as Plaintiffs and Defendant are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Venue is proper in this court pursuant to 28 U.S.C. section 1391(a).

1

4. On March 15, 2003 the Plaintiff was driving her automobile and was stopped in traffic at a traffic light, westbound on 12th Street in Sioux Falls, Minnehaha County, South Dakota. At the same time and place, Lyndsy Kay Mullinex was driving an automobile traveling west on 12th Street when she negligently, carelessly and recklessly collided into the rear end of a vehicle stopped immediately behind Plaintiff's vehicle, thereby pushing the vehicle immediately behind Plaintiff into Plaintiff's vehicle causing a collision, which collision pushed Plaintiff's vehicle into the stopped vehicle immediately in front of Plaintiff causing a second impact and collision. Plaintiff sustained serious bodily injuries in the collision.

5. The collisions with the Plaintiff's vehicle were actually and proximately caused by the negligence of Lyndsy Kay Mullinex and Lyndsy Kay Mullinex is liable for all injuries to Plaintiff that were actually and proximately caused by her negligence.

6. At the time of the collision on March 15, 2003, Lyndsy Kay Mullinex was insured for purposes of automobile liability by AMCO Insurance Company. The liability limits pursuant to Lyndsy Kay Mullinex's policy with AMCO were $25,000.00/$50,000.00 per person/per accident.

7. On March 15, 2003 Plaintiff was insured under American Family Mutual Insurance Company Policy Number 1077-8741-01-68-FPPA-SD. Said policy included an Underinsured Motorists (UIM) Coverage Endorsement which coverage provided that American Family "will pay compensatory damages for bodily injury an insured person is legally entitled to recover from the owner or operator of an underinsured motor vehicle."

8. American Family Insurance Policy Number 1077-8741-01-68-FPPA-SD contains "each person" and "each accident" underinsured motorist coverage in the amount of $50,000/$100,000.

9. On March 15, 2004, Plaintiff settled her claim against Lyndsy Kay Mullinex with Allied Insurance for the liability policy limit of $25,000.00. The Defendant American Family provided written permission to the Plaintiff to settle with AMCO for the policy limits while permitting Plaintiff to maintain a claim against American Family pursuant to her underinsured motorist coverage.

## COUNT ONE

10. As a direct and proximate result of the negligence of Lyndsy Kay Mullinex, Plaintiff has incurred the following damages and losses:

    A. Medical, hospital, chiropractic and related expenses, in an amount to be proven at trial plus pre-judgment interest thereon, and such medical, chiropractic, hospital and related expenses as plaintiff is reasonably certain to incur in the future in an amount to be proven at trial;

    B. Pain, suffering and mental anguish, both past and reasonably certain to incur in the future in an amount to be proven at trial;

    C. Permanent impairment, disability and disfigurement;

    D. Lost wages and earning capacity both past and reasonably certain to be incurred in the future in an amount to be proven at trial.

11. That the conduct of Lyndsy Kay Mullinex was willful, wanton, or reckless in that she did not keep a lookout where she was going while she was operating her motor vehicle. She did so with a conscious realization that injury to others was a probable

3

result of such conduct. As a direct and proximate result of the willful and reckless misconduct of Lyndsy Kay Mullinex, Plaintiff has incurred medical, chiropractic, hospital and related expenses set forth above and will continue to do so in the future. As a direct and proximate result of the willful and reckless misconduct of Lyndsy Kay Mullinex, Plaintiff has also suffered a loss of earnings and wages and a loss of earning capacity which will be permanent and which is set forth above. Lyndsy Kay Mullinex was guilty of oppression and presumed or legal malice with respect to her willful and reckless misconduct and the Plaintiff is therefore entitled to punitive damages.

12. That Plaintiff's damages exceed $25,000.00, the liability limit of Lyndsy Kay Mullinex's automobile policy with AMCO and Plaintiff's damages exceed $50,000.00, the amount of their underinsured motorist coverage pursuant to American Family Mutual Insurance Company Policy Number 1077-8741-01-68-FPPA-SD.

13. Because Lyndsy Kay Mullinex was an underinsured motorist at the time of the collision, American Family owes the duty to compensate Plaintiff for her damages pursuant to the terms of Policy Number1077-8741-01-68-FPPA-SD.

14. Defendant American Family has breached its duty, obligation and the policy contract by refusing to compensate Plaintiff for her damages incurred as a result of said automobile collision caused by Lyndsy Kay Mullinex.

COUNT TWO

15. Plaintiffs reallege paragraphs 1-14 of this Complaint and incorporate them as fully set forth herein.

16. Defendant American Family owed the Plaintiff a fiduciary duty to make a good faith evaluation of her underinsured motorist.

4

17. Defendant American Family owed the Plaintiff a duty to pay underinsured benefits for her bodily injury.

18. Defendant American Family breached its fiduciary duty to Plaintiff by failing to make a good faith evaluation of her underinsured motorist claim and American Family breached its duty to Plaintiff by unreasonably refusing to pay underinsured motorist benefits to Plaintiff when Plaintiff's claim for said benefits was not fairly debatable.

## COUNT THREE

19. Plaintiffs reallege paragraphs 1-18 of this Complaint and incorporate them as fully set forth herein.

20. Defendant American Family's refusal to pay Plaintiff underinsured motorist benefits when Plaintiff's claim was not fairly debatable was in willful, wanton and conscious disregard for the rights of the Plaintiff for which punitive damages are recoverable pursuant to SDCL 21-3-2.

## COUNT FOUR

21. Plaintiffs reallege paragraphs 1-20 of this Complaint and incorporate them as fully set forth herein.

22. Despite its duty to Plaintiff, Defendant American Family vexatiously and unreasonably refused to pay Plaintiff underinsured motorist benefits, for which attorneys' fees are recoverable pursuant to SDCL 58-12-3.

WHEREFORE, Plaintiff prays for damages against Defendant as follows:

(1) For damages in excess of $75,000 in an amount as the jury deems just and proper against Defendant American Family Mutual Insurance Company;

5

(2) For punitive damages against Defendant American Family Mutual Insurance Company in an amount as the jury deems just and proper;

(3) For Plaintiffs' attorneys' fees, pursuant to SDCL 58-12-3; and

(4) For any other and further relief the Court deems just and proper.

Dated this 30 day of April 2004.

EVEN LAW FIRM

*/s/ James R. Even*
James R. Even
100 S. Spring Ave., Suite 100
Sioux Falls, SD 57104
(605) 339-6080
Attorney for the Plaintiff

## PLAINTIFF'S DEMAND FOR TRIAL BY JURY

The Plaintiff hereby demands a trial by jury on all issues of fact properly triable to a jury.

Dated this 30 day of April 2004.

*/s/ James R. Even*
James R. Even

6